# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELODY CUNNINGHAM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LYFT, INC., LOGAN GREEN, and JOHN ZIMMER,<br><br>        Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

**I.   INTRODUCTION**

1. Lyft is a car service, which engages thousands of drivers in the Commonwealth of Massachusetts who can be hailed and dispatched through a mobile phone application to transport riders. Lyft is based in San Francisco, California, and it does business across the United States and extensively throughout Massachusetts.

2. As described further below, Lyft has misclassified its drivers, including Plaintiff Melody Cunningham, as independent contractors when they should be classified under Massachusetts law, Mass. Gen. L. c. 149 § 148B, as employees. Based on the drivers' misclassification as independent contractors, Lyft has unlawfully required drivers to pay business expenses (including but not limited to the cost of maintaining their vehicles, gas, insurance, phone and data expenses, and other costs) in violation of Mass Gen. L. c. 149 §§ 148, 150. Lyft has also failed to guarantee and pay its drivers minimum wage for all hours worked and it has failed to pay overtime premiums for hours worked in excess of forty hours per week in violation

of the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, and the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A.

3. Plaintiff brings these claims on behalf of herself and all other similarly situated pursuant to Fed. R. Civ. P. 23. She seeks recovery of damages for herself and the class, as well as declaratory and injunctive relief, requiring Lyft to reclassify its drivers as employees in Massachusetts.

## II. PARTIES

4. Plaintiff Melody Cunningham is an adult resident of Weymouth, Massachusetts, where he has worked as a Lyft driver since approximately June 2013.

5. The above-named plaintiff has brought this action on her own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Lyft drivers in Massachusetts.

6. Defendant Lyft Inc. ("Lyft") is a corporation headquartered in San Francisco, California.

7. Defendant Logan Green is a California resident and is the Chief Executive Officer of Lyft. Mr. Green is one of the co-founders of Lyft and is responsible for Lyft's pay practices and employment policies. As the top official for Lyft, Mr. Green has primary responsibility for overseeing the management of service employees employed by Lyft, namely Lyft drivers.

8. Defendant John Zimmer is a California resident and is the President of Lyft. Mr. Zimmer is one of the co-founders of Lyft and is responsible for Lyft's pay practices and employment policies. As the top official for Lyft, Mr. Zimmer has primary responsibility for overseeing the management of service employees employed by Lyft, namely Lyft drivers.

**III.  JURISDICTION**

9. This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the filing of this complaint, members of the putative plaintiff class reside primarily in Massachusetts; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

10. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of Civil Procedure.

**IV.  STATEMENT OF FACTS**

11. Lyft is a San Francisco-based car service that provides transportation service in cities throughout the country, including in Massachusetts, via an on-demand dispatch system.

12. Lyft offers customers the ability to hail a car service driver on a mobile phone application.

13. Although classified as independent contractors, Lyft drivers are employees under Massachusetts law.

14. Drivers perform a service in the usual course of Lyft's business, since Lyft is a car service that provides transportation to its customers, and drivers such as Plaintiff Melody Cunningham perform that transportation service.  Lyft holds itself out as a transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers perform.  Without drivers to provide rides for Lyft's customers, Lyft would not exist.

15. Lyft also requires its drivers to abide by its policies and rules designed to control the drivers' work performance.  Lyft retains the right to terminate drivers at any time in its discretion. Lyft may terminate a driver if the driver behaves in a way that Lyft believes is

inappropriate or has violated one of Lyft's rules or standards. Drivers are also subject to termination based on Lyft's system of using customer feedback; drivers can be terminated in Lyft's discretion if Lyft deems their customer ratings to be inadequate.

16. When driving for Lyft, Lyft drivers are not engaged in their own transportation business. Instead, when driving Lyft customers, drivers wear the "hat" of Lyft. Customers cannot request specific Lyft drivers; instead, Lyft assigns particular rides to drivers.

17. Lyft does not require drivers to possess any skill above and beyond that necessary to obtain a regular driver's license.

18. Drivers' tenure with Lyft is for an indefinite amount of time.

19. Lyft provides the drivers with the primary instrumentality with which they can perform services for Lyft because Lyft only derives a benefit from the drivers' labor when they use Lyft's software.

20. Lyft sets the rate of pay for drivers' services and changes the rate of pay in its sole discretion.

21. Drivers must undergo background checks. Drivers' vehicles must meet Lyft's quality standards, which it determines and may change at any time at its sole discretion.

22. Lyft may make promotional offers to riders that reduce drivers' income without consulting the drivers.

23. Lyft monitors drivers' performance and may suspend or terminate drivers who do not accept enough rides, cancel too many rides, do not maintain high customer satisfaction ratings, do not take what Lyft deems to be the most efficient routes, or engage in other conduct that Lyft, in its sole discretion, may determine constitutes grounds for suspension or termination.

24. Lyft drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers at times arrive from, or are traveling to, destinations out of state, such as arriving at or leaving train stations or airports.

25. Lyft does not reimburse drivers for any expenses they incur while working for Lyft, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Lyft Application. Drivers incur these costs as a necessary expenditure to work for Lyft, which Massachusetts law requires employers to reimburse.

26. Lyft has violated Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, by failing to assure that drivers, including Melody Cunningham, make the applicable minimum wage for all hours worked, after accounting for their expenses and other deductions taken from their pay. The hours they work include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

27. Lyft has violated the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A by failing to pay its drivers like Melody Cunningham the appropriate overtime premium for all overtime hours worked beyond forty per week. Melody Cunningham has worked more than forty hours per week at various times since she began driving for Lyft in June 2013 and was never paid the appropriate premium for hours worked beyond forty per week. The hours that drivers such as Melody Cunningham have worked include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

28. Pursuant to Mass. Gen. L. c. 149 § 150, the above-named plaintiff has filed her statutory claims with the Office of the Attorney General.

## V.   CLASS ACTION ALLEGATIONS

29. The class representative, Melody Cunningham, has brought this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Lyft drivers who have worked for Lyft in Massachusetts.

30. The class representative and other class members have uniformly been misclassified as independent contractors.

31. The members of the class are so numerous that joinder of all class members is impracticable.

32. Common questions of law and fact regarding Lyft's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

   a. Whether the work performed by class members—providing transportation service to customers—is within Lyft's usual course of business, and whether such service is fully integrated into Lyft's business;

   b. Whether class members have been required to work under Lyft's direction and control;

   c. Whether class members are engaged in an independently established business or occupation while they are transporting Lyft customers;

   d. Whether class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses;

    e. Whether class members have suffered other violations of the Massachusetts Wage laws, as described herein.

33. The class representative is a member of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

34. The class representative's claims are typical of the claims of the class and she has the same interests as the other members of the class.

35. The class representative will fairly and adequately represent and protect the interests of the class. The class representative has retained able counsel experienced in class action litigation and particularly in the allegations included here. The interests of the class representative are coincident with, and not antagonistic to, the interests of the other class members.

36. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Declaratory Judgment
**Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201**

38. An actual controversy of sufficient immediacy exists between the Parties as to whether Lyft has failed to comply with its obligations under Massachusetts law as described above.

39. Lyft's conduct in misclassifying its drivers, including Plaintiff Cunningham, as independent contractors, failing to ensure that they are reimbursed for their necessary business expenditures, and failing to ensure that they receive minimum wage for all hours worked and overtime pay contravenes Massachusetts state law.

40. As a result of the factual allegations above, Plaintiff and all Lyft drivers in Massachusetts have suffered actionable harm, as they are not properly compensated for their work for Lyft.

41. Plaintiff seeks an order of this Court pursuant to 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57 declaring that, as a result of its misclassification of its drivers, Lyft has violated the Massachusetts law, including Mass. Gen. L. c. 149 § 148B and related wage laws described herein, and declaring that Lyft must comply with the law.

42. The injunction that Plaintiff seeks is in the nature of a public injunction and is not solely for the benefit of herself and other Lyft drivers. Instead, ordering Lyft to comply with Massachusetts law is in the public interest because Lyft's violation of the law diminishes labor standards more generally in the Massachusetts economy and particularly in the transportation industry. Complying competitors are put at a disadvantage when companies such as Lyft flout

the law by misclassifying their employees as independent contractors.  Public funds are also impacted by these violations because the state incurs costs in supporting and providing services to employees who are not properly paid and do not even receive minimum wage.

## COUNT II
### Independent Contractor Misclassification

43. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.  As set forth above, Defendants have misclassified their drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT III
### Expense Reimbursement

44. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.  As set forth above, Defendants have misclassified Lyft drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B.  As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT IV
### Violation of Massachusetts Minimum Wage Law

45. Plaintiff realleges and incorporates by reference the allegations in the preceding

paragraphs as if fully alleged herein.  By failing to ensure that Lyft drivers receive the full Massachusetts minimum wage for all hours worked, Lyft has violated Mass. Gen. L. ch. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT V
### Violation of Massachusetts Overtime Law

46. By failing to pay Lyft drivers time-and-a-half for all hours worked in excess of forty per week, Lyft has violated Mass. Gen. L. ch. 151 § 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

WHEREFORE, Plaintiff respectfully requests this Court to:

a. Declare that Lyft's actions described in this Complaint violate the rights of Plaintiff and Lyft drivers throughout Massachusetts;

b. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Fed. R. Civ. P. 23;

c. Issue a declaratory judgment that Plaintiff and class members are employees, not independent contractors under Massachusetts law, Mass. Gen. L. c. 149 § 148B;

d. Issue public injunctive relief in the form of an order requiring Lyft to comply with the Mass Gen. L. c. 149 §§ 148B, 148, 150 and other provisions cited herein;

e. Award compensatory damages, including all expenses and wages owed, or other forms of restitution that are due to Plaintiff and the class because of their misclassification as independent contractors in an amount according to proof;

f. Award pre- and post-judgment interest;

g. Award treble damages for all wage law violations;

h. Award attorneys' fees and costs; and

    i.    Award any other relief to which Plaintiff and the class may be entitled.

Dated:  September 17, 2019

Respectfully submitted,

MELODY CUNNINGHAM, individually and on behalf of all others similarly situated,

By her attorneys,

 /s/ Shannon Liss-Riordan
 Shannon Liss-Riordan, BBO# 640716
 Adelaide H. Pagano, BBO# 690518
 Anne Kramer, BBO# 697435
 LICHTEN & LISS-RIORDAN, P.C.
 729 Boylston Street, Suite 2000
 Boston, MA 02116
 Telephone:   (617) 994-5800
 Facsimile:    (617) 994-5801
 Emails: sliss@llrlaw.com; apagano@llrlaw.com; akramer@llrlaw.com