UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELODY CUNNINGHAM, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LYFT, INC., LOGAN GREEN, and JOHN ZIMMER,

Defendants.

C.A. No. 1:19-cv-11974

# DEFENDANTS' MOTION TO TRANSFER THIS CASE TO JUDGE STEARNS

Pursuant to Local Rule 40.1(g), (h), & (i), the defendants Lyft, Inc. ("Lyft"), Logan Green, and John Zimmer (collectively, "Defendants") request that the Court transfer this civil action to the Honorable Richard G. Stearns, because the related civil case captioned *Wickberg v. Lyft, Inc.*, C.A. No. 1:18-cv-12094-RGS, is currently pending before Judge Stearns. Both cases involve some or all of the same parties, the same legal claims of alleged misclassification of Lyft drivers as independent contractors, the same defenses (including that the claims are subject to individual arbitration), and the same questions of fact and law. For those reasons, and to promote judicial efficiency, Defendants request that the Court transfer this case to Judge Stearns and, in further support of this motion, state as follows:

1. On September 17, 2019, Plaintiff filed a Class Action Complaint (Dkt. No. 1), alleging that she and a proposed class comprised of all individuals who have worked as Lyft drivers in Massachusetts were misclassified as independent contractors. She asserts claims for independent-contractor misclassification and "related wage violations," including under the Massachusetts minimum wage and overtime laws, and for failure to reimburse expenses. *See*

Compl. (Dkt. No. 1), Civil Action Cover Sheet (Dkt. No. 1-1). In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief. *See generally* Compl.

2. Plaintiff's complaint is nearly identical to the complaint filed in *Wickberg v. Lyft, Inc.*, C.A. No. 1:18-cv-12094-RGS. Less than one year ago, on October 5, 2018, Eric Wickberg ("Wickberg") filed a Class Action Complaint against Lyft, alleging that he and a proposed class comprised of all individuals who have worked as Lyft drivers in Massachusetts were misclassified as independent contractors. Wickberg asserts claims for independent-contractor misclassification and other wage violations, including under the Massachusetts minimum wage and overtime laws, and for failure to reimburse expenses. *See generally Wickberg* Compl. In addition to monetary damages, Wickberg seeks declaratory and injunctive relief. *See id.* On December 19, 2018, the Court granted Lyft's motion to compel arbitration and stay the case. *Wickberg v. Lyft, Inc.*, 356 F. Supp. 3d 179 (D. Mass. 2018). The case remains pending.

3. Wickberg and Melody Cunningham, the Plaintiff here, are represented by the same counsel, yet Plaintiff's Civil Action Cover Sheet in this action did not identify *Wickberg* as a related case.

4. Local Rule 40.1(g)(1) states:

> a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; . . . or the cases involve substantially the same questions of fact and law.

5. *Wickberg* is currently pending before Judge Stearns. It involves essentially the same parties, same claims and defenses, same questions of law and fact, and same transactions or events. Remarkably, however, Cunningham's counsel failed to alert the Court to these facts, even though her subsequently filed motion for preliminary injunction cites and discusses

*Wickberg* because of the similarity in issues of fact and law. *See Abdallah v. Bain Capital LLC*, No. 12-12027-DPW, 2013 WL 3491074 at *1 n.1 (D. Mass. July 9, 2013) (stating "when a case . . . involving the same claims and defenses as a case not closed two or more years earlier is filed the plaintiff must alert the Clerk so that the case can be assigned to the judge in the earlier filed case" and explaining that identifying the related case is required "to avoid the potential for judge shopping by litigants dissatisfied with one judge who file a related case in the hope of drawing a different one"); Talwani, J., Standing Order Regarding Notice of Related Civil Actions, May 30, 2014, *available at* http://www.mad.uscourts.gov/boston/pdf/talwani/SO%20Related%20Cases%205.30.14.pdf (last accessed Sept. 24, 2019) ("Counsel of record (including pro se litigations) shall have a duty to inform this court of the filing of related actions, as defined in Local Rule 40.1(G)(1).").

6. Plaintiff has filed the instant matter against Lyft on behalf of herself and "all other individuals who have worked as Lyft drivers in Massachusetts." Compl. ¶ 5. Likewise, Wickberg filed his case against Lyft on his own behalf and on behalf of "all other individuals who have worked as Lyft drivers in Massachusetts." *Wickberg* Compl. ¶ 5. Accordingly, the first part of the related-case test in L.R. 40.1(g)(1) is satisfied here, as both cases involve some or all of the same parties.[1]

7. The second part of the L.R. 40.1(g)(1) requirements is also satisfied because the claims and defenses, transaction or event, and questions of law and fact are substantially the same.

8. *Wickberg* and this case both concern Lyft's alleged misclassification of drivers as independent contractors rather than employees. The claims are nearly identical. Wickberg raised

---

[1] In this action, Plaintiff's Class Action Complaint also names Lyft officers, Logan Green and John Zimmer, as defendants. Nonetheless, "some or all of the parties are the same" in both actions. L.R. 40.1(g)(1).

claims for misclassification as independent contractors in violation of M.G.L. c. 149, § 148B (Count I), as well as resulting violations of the Massachusetts minimum wage law, M.G.L. c. 151, § 20 (Count II), and the Massachusetts overtime law, M.G.L. c. 151, § 1B (Count III). Plaintiff here has similarly asserted claims for misclassification as independent contractors in violation of M.G.L. c. 149, § 148B (Count II); resulting violations of the Massachusetts minimum wage law, M.G.L. c. 151, § 20 (Count IV); and resulting violations of the Massachusetts overtime law, M.G.L. c. 151, § 1B (Count V).

9. Wickberg sought expense reimbursement within his count for misclassification, as well as "declaratory judgment that Lyft drivers in Massachusetts are employees, not independent contractors."[2] So, too, does Cunningham; she has alleged claims for expense reimbursement under M.G.L. c. 149, §§ 148, 150 (Count III), and she seeks "declaratory judgment that Plaintiff and class members are employees, not independent contractors." Accordingly, the claims in *Wickberg* and this case are the same.

10. *Wickberg* and this action both involve the same transactions or events—most notably, the plaintiffs' agreement to Lyft's terms of service that include an arbitration provision.[3] Both Plaintiff and Wickberg accepted Lyft's terms of service, which provide that any claims must be submitted to arbitration on an individual basis and provide the driver an opportunity to opt out of that arbitration provision. Judge Stearns analyzed these terms of service—including the methods of Lyft's offer and Wickberg's acceptance—and concluded that the claims in *Wickberg* were subject to individual arbitration. *See Wickberg v. Lyft, Inc.*, 356 F. Supp. 3d 179 (D. Mass. 2018). Because the same transaction or event will be at issue in this case, the case should be assigned to Judge Stearns.

---

[2] *See Wickberg* Compl. ¶¶ 2, 18, 19, "wherefore" clause B.
[3] Lyft intends to file a motion to compel arbitration in this case, as in *Wickberg*.

11. The questions of fact and law will be the same as in *Wickberg*. Indeed, as referenced above, Plaintiff's motion for preliminary injunction cites and discusses the *Wickberg* case because of the similarity in issues of fact and law. *See* Pl.'s Mot. for Prelim. Inj. (Dkt. No. 4) at 4, 11. Here, as in *Wickberg*, the Court will be faced with questions regarding the terms of Lyft's contract, the manner in which those terms were presented to the driver, the manner in which the driver accepted those terms, and whether the driver opted out of the arbitration provision contained in the terms. Indeed, questions of fact and law as to whether Lyft drivers are independent contractors or not are the same in both cases. Given the extreme similarity in the complaints in each case and in Lyft's intended defenses, the Court will undoubtedly consider similar questions of fact and law.

12. Local Rule 40.1(i)(1) provides for the transfer of civil cases directly to another district judge "in the interest of justice or to further the efficient performance of the business of the court." There can be no question that it would be more efficient for Judge Stearns, who is already familiar with the putative class, the Lyft platform, the terms and conditions of the Lyft arbitration agreements, the methods of acceptance of such agreements, and the independent-contractor-misclassification claims at issue, to hear this related case.[4]

---

[4] To the extent Cunningham contends that this case is also related to *Capriole v. Uber Techs., Inc.*, No. 1:19-cv-11941 (currently assigned to Your Honor), and should not be transferred for that reason, that argument is without merit for two primary reasons. First, Uber and Lyft use drastically different online terms-of-service agreements concerning arbitration. Because of their differences in the presentation and acceptance of the terms, courts in this jurisdiction have differed in applying them—enforcing Lyft's and not Uber's. *Compare Wickberg*, 356 F. Supp. 3d at 183-85 (enforcing Lyft's arbitration agreement), *with Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 63-64 (1st Cir. 2018) (not enforcing Uber's arbitration agreement). The court in *Wickberg* directly acknowledged that "Uber's agreement . . . is notably different from Lyft's." 356 F. Supp. 3d at 183. Second, the *Capriole* case is not "related" under Local Rule 40.1(g)(1). Although the general claim (alleged misclassification as independent contractors) may be the same, the parties are not. Local Rule 40.1 provides that a case is "related" only if some or all of the parties are the same. L.R. 40.1(g)(1). None of the named parties here are the same as the named parties in *Capriole*.

WHEREFORE, pursuant to Local Rule 40.1, Defendants respectfully request that the Court transfer this case to Judge Stearns, who is presently assigned a related civil case involving the same parties, claims, defenses, and questions of fact and law.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that they conferred with counsel for Plaintiff in a good-faith attempt to resolve or narrow the issue presented in this motion, and that those efforts were unsuccessful.

Respectfully submitted,

LYFT, INC., LOGAN GREEN
and JOHN ZIMMER,

By their attorneys,

*/s/ James D. Smeallie*
James D. Smeallie (BBO No. 467380)
*jd.smeallie@hklaw.com*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Michael T. Maroney (BBO No. 653476)
*michael.maroney@hklaw.com*
Andrew E. Silvia (BBO No. 681922)
*andrew.silvia@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Dated:  September 25, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the attorney of record for any party indicated as non-registered participants on this 25th day of September, 2019.

                                            */s/ James D. Smeallie*
                                            James D. Smeallie