UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|                                                                                          |                          |
| ---------------------------------------------------------------------------------------- | ------------------------ |
| MELODY CUNNINGHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC., LOGAN GREEN and JOHN ZIMMER,<br><br>Defendants. | Case No. 1:19-cv-11974 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

Defendants argue that Local Rule 7.1(b)(1) requires that this Court strike Plaintiff's reply declaration. Dkt. 56. Plaintiff set forth evidence of irreparable harm to the public in her opening papers moving for a preliminary injunction. See Dkt. 4 at 5, 16–18. Defendants responded by submitting a host of "happy camper" declarations attesting to *individual* experiences and preferences of Lyft drivers, to advance the argument that employee reclassification would harm Lyft drivers. See Dkts. 43–50.[1] In response, Plaintiff Cunningham filed a reply declaration, attesting to her individual experience as a Lyft driver and the harm she has experienced. See Dkt. 53.01.

---

[1] Defendants also attempted to put at issue the question of irreparable harm to Plaintiff Cunningham *personally*, rather than the question of irreparable harm to Lyft drivers as whole and Plaintiff by extension. Lyft also attacked her personal choices as to the number of hours she drives for Lyft and her litigation decisions. See Dkt. 38 at 14. By putting these facts at issue, Lyft has invited a response from Ms. Cunningham.

Contrary to Defendants' contentions, Rule 7.1(b)(1) does not bar reply declarations[2]; instead, it merely seeks to prevent a nonmovant from being "sandbagged" on reply. Hilsinger Company v. Kleen Concepts, LLC, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017) (quoting Roth v. Loos & Co., 2009 WL 2525484, at *3 (N.D. Cal. Aug. 17, 2009)). Reply declarations are generally discouraged when new *arguments* are raised for the first time on reply, but where a declaration is merely responding to an argument raised in opposition, the same does not hold true. See Facey v. Dickhaut 91 F. Supp. 3d 12, 22–23 (D. Mass 2014). Moreover, to strike evidence offered on Reply under Local Rule 7.1(b)(1), courts require some showing of prejudice. See 4 MVR, LLC v. Warren W. Hill Construction Company, Inc., 2016 WL 4775451, at *2 (declining to strike affidavit submitted separately from motion for summary judgment and after deadline, under Local Rule 7.1(b)(1) because nonmoving party suffered no prejudice); Spinal Imaging, Inc. v. Aetna Health Mgmt. LLC, 2014 WL 1278012, at *16 (D. Mass Mar. 26, 2014) (refusing to strike an affidavit submitted in support of a Response in Opposition because the affidavit did not prejudice the other party).

Here, Defendants were far from "sandbagged" and will suffer no prejudice as a result of the reply declaration. Defendants put into contention the *individualized* experience of drivers and raised a new argument, that "harm" would result from the reclassification of the drivers as employees. Plaintiff is entitled to counter that argument and evidence in her Reply by attesting to her personal experience as a driver. See Dkt. 53.01. Unlike in Facey, 91 F. Supp. 3d at 22–23, she did not "go well beyond rebuttal of the legal and factual arguments presented" in the Opposition but, instead, merely responded to the arguments raised.

---

[2] Indeed, such a result would be absurd. The moving party should plainly be allowed to respond to *new* factual allegations and arguments raised in the opposition, or the entire purpose of a Reply would be defeated.

Moreover, Defendants have not been prejudiced by the submission of Ms. Cunningham's declaration as they have always had access to much of the evidence they now seek to offer through the supplemental declaration. As evidenced by the Defendants belated attempt to now submit a supplemental declaration from their economist, Defendants have always known Plaintiff Cunningham's hours spent driving for Lyft and the amount she was paid– both facts that Defendants could have recognized as relevant and deemed worthy of including in support of their arguments in Opposition. Dkt. 54 at 2. Indeed, Defendants included similar facts as to hours driven by the individual drivers who submitted "happy camper" declarations. See e.g., Dkt 44 at 8, 13. Thus, Defendants cannot claim to have been "sandbagged" or prejudiced in any way when the Defendant raised the argument and could have included this basic information, already in Defendants' possession, in its Opposition.

In contrast, Plaintiff will be prejudiced should Defendants be allowed to submit the supplemental Crandall declaration because Plaintiff will not be allowed to respond to evidence set forth in what will effectively function as a sur-reply. See Dkt. 52 at 2. While Plaintiff's counsel may argue the point at the December 9 hearing, Plaintiff will not be available in person to testify; if Lyft had provided her in its Opposition with the specific information as to her hours and earnings she could have addressed the accuracy of the statistics and explained the human impact in her rebuttal affidavit. As Defendants declined to offer this information until the last-minute, Plaintiff will be unable to meaningfully respond and provide context to the figures Lyft cites.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Strike and further deny the Defendant's request to submit a supplemental declaration.

Dated: December 6, 2019	Respectfully submitted,

MELODY CUNNINGHAM, on behalf of herself and all others similarly situated,

By her attorneys,

_____*/s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan, BBO# 640716

Adelaide H. Pagano, BBO# 690518

Anne Kramer, BBO# 697435

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:	(617) 994-5800
Facsimile:	(617) 994-5801
Email:	sliss@llrlaw.com; apagano@llrlaw.com; akramer@llrlaw.com

# **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that on December 6, 2019, a copy of this document has been filed electronically and that all parties have been served via electronic filing.

                                                           */s/ Shannon Liss-Riordan*  
                                                           Shannon Liss-Riordan, Esq.