**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MELODY CUNNINGHAM, and FRUNWI MANCHO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LYFT INC., LOGAN GREEN, and JOHN ZIMMER,<br><br>     Defendants. | C.A. No. 1:19-cv-11974 |

**DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S EMERGENCY MOTION**
**TO FILE SECOND AMENDED COMPLAINT**

  Like companies in every industry, Lyft recognizes that the outbreak of COVID-19, the "Coronavirus," poses an unprecedented crisis for the health of communities around the United States and globally, with enormous consequences for the economy. Along with other companies, Lyft is responding to the challenge to help protect the safety and wellbeing of those who use the Lyft platform to earn income or to find on-demand rides. Lyft announced on March 7 that it will provide funds to drivers who are diagnosed with COVID-19 or put under individual quarantine by a public health agency. Lyft also made a resource available to riders, drivers, and the public with guidance from the CDC and updates to Lyft's policies and procedures.[1] Lyft remains in contact with public health officials and will revise and adapt its policies as the situation develops. Lyft also continues to evaluate other measures to protect public health

  But Plaintiffs' effort to use this crisis to relitigate their pending preliminary injunction motion is wholly improper. Plaintiffs seek to add a claim for violation of the Earned Sick Time

---

[1] https://www.lyft.com/safety/coronavirus.

Law to justify a second motion for a "public injunction" requiring Lyft to classify all drivers who use the platform as employees. But Plaintiffs' prior preliminary injunction motion sought the exact same relief, and Plaintiffs admit that "[t]he Court indicated at the December 9, 2019, hearing that Plaintiff's motion for injunctive relief would be denied." Yet they appear to now be seeking the exact same relief again. Mot. at 2. There is no reason for another round of briefing—this time on an "emergency" basis—on the same proposed preliminary injunction.

Nothing about the COVID-19 situation has changed the fundamental procedural problems with Plaintiffs' proposed injunction to force the reclassification of 50,000 drivers in Massachusetts. Despite the Federal Rules' general policy of liberal amendment, it is not the law "that a trial court must mindlessly grant every request for leave to amend." *Calderon-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013) (quotations omitted). "Grounds for denial include . . . futility of amendment." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008).

***Plaintiffs Cannot Obtain a Public Injunction.*** As Defendants have already explained, neither Massachusetts nor federal law recognizes "public injunctions." ECF 38 at 11-12. There is thus no basis to impose employment status on 50,000 drivers through a preliminary injunction here. Under Massachusetts law, it is the Attorney General who has the exclusive power to enforce the Wage Act on behalf of the general public, not individual employees and their counsel. *See* M.G.L. c. 149, § 150; *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 465 Mass. 607, 612 (2013).

***Plaintiffs Cannot Obtain a Class-Wide Injunction Without Certification.*** Under First Circuit law, "[c]lasswide relief . . . is appropriate only where there is a properly certified class." *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 361 (1st Cir. 1989). This is a well-established principle in this Circuit. *See, e.g., Yaakov v. ACT, Inc.*, 987 F. Supp. 2d 124, 131 (D. Mass. 2013) ("[A]s a class was never certified in this case, Plaintiff may only seek the injunction on behalf of

itself."); *Brissette v. Franklin Cty. Sheriff's Office*, 235 F.Supp. 2d 63, 94 (D. Mass. 2003) ("This case has not been filed or certified as a class action, and injunctive relief running to the benefit of third parties (as plaintiffs have requested) would not be appropriate here."); *S. States Police Benevolent Ass'n v. First Choice Armor & Equip., Inc.*, No. CV 06-10034-NMG, 2006 WL 8458453, at *2 (D. Mass. Mar. 24, 2006) (refusing classwide preliminary injunctive relief "[b]ecause the putative class has not yet been certified").

While Rule 23 once permitted conditional certification for purposes of granting a preliminary injunction, Rule 23 was amended in 2003 to preclude conditional certification. *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 482 n.11 (2013) (describing change to Rule 23 to "eliminate district courts' authority to conditionally certify class actions"). There is thus no legal authority to provide class-wide relief at this stage.

***Plaintiffs' Claims Are Subject to Arbitration.*** Defendants filed a motion to compel arbitration on October 3, 2019, which remains pending. Plaintiffs' motion for leave does not even mention the parties' binding arbitration agreement, let alone identify some new reason this case should not be sent to arbitration. Plaintiffs do not dispute that they agreed to arbitrate their disputes, including the Earned Sick Leave claim. The Court should therefore grant the motion to compel arbitration, which would moot the proposed amendment as futile. "[C]ourts have found that where the new or revised claims that a party seeks to add by amendment are subject to a binding arbitration agreement, the proposed amendment is futile" and should be denied. *The Detroit Edison Co. v. Burlington N. & Santa Fe Ry. Co.*, 442 F. Supp. 2d 387, 394 (E.D. Mich. 2006) (citing cases). *E.g.*, *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) (affirming denial of leave to amend as futile where case was arbitrable).

Plaintiffs' strategy with their repeated motions for preliminary injunction is clear: to avoid the effect of their arbitration agreement and the Federal Arbitration Act. That is improper,

prejudicial to Defendants, and will only cause further delay. The proper course is to promptly grant Defendants' motion to compel arbitration. "The Arbitration Act calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). Further litigation should not proceed until the arbitration motion is decided.

*A Classwide Injunction Is Inconsistent With Individual Arbitration.* Plaintiffs' tactics are particularly improper because the parties agreed to binding *individual* arbitration. A classwide injunction would make a mockery of the parties' arbitration agreement. Plaintiffs cannot explain how a classwide preliminary injunction could remain in place once the claims are sent to individual arbitration. If the Court were to issue the requested injunction and then send the case to an arbitrator, no one would have the power to manage or enforce the classwide injunction. The Court would be divested of jurisdiction over this case, and the arbitrator's authority would be limited to the individual plaintiffs. It is impossible for the Court to issue an injunction in this case broader than the power of the arbitrator. That is why the courts' authority to issue relief pending arbitration is limited to maintaining the status quo between the parties.

*Plaintiffs' Injunction Would Not Maintain the Status Quo.* It is well established that "[t]he purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 48 F.3d 618, 620 (1st Cir. 1995). This is especially true for injunctions issued before a case can be sent to binding arbitration, when a preliminary injunction should be limited to "preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process." *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 51 (1st Cir. 1986); *see also Step Med. Co., Inc. v. Johnson & Johnson Int'l*, 619 F.3d 67, 70 (1st Cir. 2010) (court can offer only "very limited relief" in "the period

between the time the district court orders arbitration and the time the arbitrator is set up and able to offer interim relief itself."). But Plaintiffs seek a radical change to the status quo, without discovery on the merits, without expert testimony—and without any indication that the other drivers want this relief. Plaintiffs want an injunction that would go beyond well-settled limits on preliminary injunctive relief and would lack any precedent whatsoever.

***The Proposed Injunction May Hurt Drivers.*** As Lyft has explained, Plaintiffs' claims to represent the interests of drivers rings hollow because the evidence is that most drivers do not want to be employees. ECF 38 at 5-6, 18-19. Most drivers using the Lyft platform are using it to supplement other income sources, *id.*, and thus appreciate the freedom to work when, where, and for however long they want. That is a freedom employees do not have. Employees are required to work when it will most benefit the employer, regardless of the employees' family and personal commitments.

A driver using the Lyft platform can decide, for example, not to drive during this coronavirus outbreak at all, perhaps because they have a vulnerable family member. Restaurant, hotel, and transportation employees do not have such freedom. If they do not show up for work, they face termination. Sick leave cannot be used by a healthy person hoping to avoid exposure to the coronavirus. Under Massachusetts law, "sick time is to be used only when the employee or a family member is ill." *Tze-Kit Mui v. Massachusetts Port Auth.*, 478 Mass. 710, 713 (2018). *See also Furtado v. Republic Parking Sys., LLC*, No. 19-CV-11481-DJC, 2020 WL 996849, at *3 (D. Mass. Mar. 2, 2020) ("[S]ick days, although accumulated by the employee, are a benefit contingent on a distinct fact—being sick.").

Because there is no reason to think that Plaintiffs and their counsel speak for all drivers in the State, it is entirely appropriate that Massachusetts and federal law do not permit Plaintiffs and their counsel to obtain an injunction affecting the rights of 50,000 other people.

## CONCLUSION

The Court should deny Plaintiff's motion for leave to file a Second Amended Complaint, grant the pending motion to compel arbitration, and deny the already pending motion for a preliminary injunction.

      Respectfully submitted,

      LYFT, INC., LOGAN GREEN,
      and JOHN ZIMMER,

        By their attorneys,

      */s/ Jeffrey Y. Wu*
      Jeffrey Y. Wu (*pro hac vice*)
      *jeffrey.wu@mto.com*
      MUNGER, TOLLES & OLSON LLP
      350 South Grand Avenue, 50th Floor
      Los Angeles, CA 90071
      Tel: (213) 683-9100

      James D. Smeallie (BBO No. 467380)
      *jd.smeallie@hklaw.com*
      David J. Santeusanio (BBO No. 641270)
      *david.santeusanio@hklaw.com*
      Michael T. Maroney (BBO No. 653476)
      *michael.maroney@hklaw.com*
      Andrew E. Silvia (BBO No. 681922)
      *andrew.silvia@hklaw.com*
      HOLLAND & KNIGHT LLP
      10 St. James Avenue, Boston, MA 02116
      Tel: (617) 523-2700
      Fax: (617) 523-6850

        Rohit K. Singla (*pro hac vice*)
*rohit.singla@mto.com*
Justin P. Raphael (*pro hac vice*)
*justin.raphael@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

Adele M. El-Khouri (*pro hac vice*)
*adele.el-khouri@mto.com*
MUNGER, TOLLES & OLSON LLP
1155 F. Street, NW, 7th Floor
Washington, DC 20004
Tel: (202) 220-1100

Dated: March 17, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document and any supporting documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the attorney of record for any party indicated as non-registered participants on this 17th day of March 2020.

/s/ *Jeffrey Y. Wu*