# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELODY CUNNINGHAM, and FRUNWI MANCHO, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | C.A. No. 1:19-cv-11974 |
| v. | |
| LYFT INC., LOGAN GREEN, and JOHN ZIMMER, | |
| Defendants. | |

## DEFENDANTS' EMERGENCY MOTION FOR A STAY OF ALL PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO COMPEL ARBITRATION

Defendants Lyft, Inc. ("Lyft"), Logan Green, and John Zimmer (hereafter, "Defendants") hereby move the Court, on an emergency basis, for an order staying all further proceedings in this case pending resolution of Defendants' motion to compel arbitration, which was filed on October 3, 2019. At the March 16 status conference, the Court suggested that Defendants make in writing their request for decision on the motion to arbitrate before briefing on additional motions. Mar. 16, 2020, Tr. at 14:10-18. With Plaintiffs' filing of their renewed preliminary injunction motion and another motion to amend the complaint, Defendants now repeat their request in writing.[1]

---

[1] Consistent with Local Rule 7.1(a)(2), counsel for Defendants met-and-conferred with counsel for Plaintiffs telephonically and by email on March 24, 2020. Counsel for Plaintiffs did not agree to the requested stay. Defendants asked Plaintiffs to agree to file their opposition to this motion on or before Thursday, March 26, 2020; Plaintiffs' counsel indicated she would consider agreeing to this deadline, but as of the filing of this motion has not responded.

"The Arbitration Act calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). Rulings on motions, especially those touching the merits, are not appropriate before an arbitration motion is resolved: "pursuant to the [Federal Arbitration Act], motions to compel arbitration must be resolved before the resolution of any other motion." *Southard v. Newcomb Oil Company*, No. 19-5187, 2019 WL 8111958, at *5 (6th Cir. Nov. 12, 2019) (collecting cases). As other Circuit courts have explained, "after a motion to compel arbitration has been filed, the court must '*refrain from further action*' until it determines arbitrability." *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)) (emphasis added). After a motion to compel under the Federal Arbitration Act ("FAA") has been filed, courts "*may not alter this sequencing*." *Id.* (emphasis added).

As Defendants have explained, Plaintiffs agreed to arbitrate this dispute on an individual basis, and a motion seeking to compel arbitration has been pending since October. *See* Dkt. Nos. 17, 52, 63.[2] Courts have consistently enforced Lyft's arbitration agreement, including courts in this Circuit and District.[3] The Court has indicated that it will nonetheless decide Plaintiffs' renewed motion for a "classwide" preliminary injunction before deciding whether to enforce the arbitration agreement. *See* Mar. 16, 2020, Tr. at 9, 29; Dkt. No. 87. But the First Circuit has

---

[2] By stipulation dated January 6, 2020, the parties agreed to apply to Mancho's claims the existing briefing on the motion to compel arbitration of Cunningham's claims. Dkt. No. 64.

[3] *See, e.g.*, *Bekele v. Lyft, Inc.*, 918 F.3d 181 (1st Cir. 2019); *Wickberg v. Lyft, Inc.*, 356 F. Supp. 3d 179, 182-84 (D. Mass. 2018); *Brunner v. Lyft, Inc.*, No. 19-CV-04808, 2019 WL 6001945, at *1 (N.D. Cal. Nov. 14, 2019); *Norton v. Lyft, Inc.*, No. 19-CV-02025, 2019 WL 4744691, at *1 (N.D. Cal. Sept. 13, 2019); *Camilo v. Lyft, Inc.*, 384 F. Supp. 3d 435, 439 (S.D.N.Y. 2019); *Peterson v. Lyft, Inc.*, No. 16-CV-07343, 2018 WL 6047085, at *6 (N.D. Cal. Nov. 19, 2018); *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 966-67 (N.D. Cal. 2015).

authorized only very limited preliminary relief pending arbitration, and Plaintiffs' motion seeks an injunction that goes far beyond what the First Circuit has authorized or what any federal court, to our knowledge, has ordered in the face of an arbitration agreement.

In *Teradyne, Inc. v. Mostek Corporation*, 797 F.2d 43 (1st Cir. 1986), the First Circuit considered whether courts have *any* power at all to issue injunctive relief in the face of an arbitration clause given "Congress' clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly as possible." *Id.* at 49-50 (quoting *Moses H. Cone*, 460 U.S. at 29). The First Circuit concluded that courts have only the limited power to issue preliminary injunctions that "preserve the status quo" and "the meaningfulness of [the] arbitration agreement." *Id.* (affirming limited injunction requiring preservation of assets pending arbitration to protect arbitrator's ability to meaningfully resolve the dispute). It is now well established that if an injunction pending arbitration does not serve that limited purpose, it is an improper effort to "supplant[] the role of the arbitrator." *Baychar, Inc. v. Frisby Techs.*, No. 01-CV-28-B-S, 2001 WL 856626, at *9 (D. Me. July 26, 2001) (citing *Teradyne*, 797 F.2d at 51). *See also Optum, Inc. v. Smith*, 360 F. Supp. 3d 52, 56 (D. Mass. 2019) (canvassing law and concluding that six courts of appeal have followed the First Circuit to hold that courts can issue preliminary injunctions pending arbitration "to *preserve the status quo* pending arbitration in order to protect the ability of the arbitrator to provide meaningful relief" (emphasis added) (collecting cases)).

In a recent order, the Court cited to *Next Step Medical Co., Inc. v. Johnson & Johnson Intern.*, 619 F.3d 67 (1st Cir. 2010), as authorizing injunctive relief "for the interval needed to resort to the arbitrator." Dkt. No. 88 at 2. Notably, *Next Step* characterized *Teradyne* as authorizing only "very limited relief." *Next Step*, 619 F.3d at 70 (citing *Teradyne*, 797 F.2d at

3

51). Because the plaintiff there had sought a broader injunction, rather than a narrow injunction designed only to preserve the meaningfulness of the arbitration agreement, the First Circuit held the district court had properly refused to even consider the merits of the request. *See id.*

Here, the injunction sought is not to preserve the status quo and protect the authority of the arbitrator. To the contrary, the proposed injunction would unambiguously shatter the status quo and could certainly not be said to constitute "a preliminary injunction *in aid of arbitration*." *Integro USA, Inc. v. Crain*, No. 19-CV-8752 (JPO), 2019 WL 6030100, at *2 (S.D.N.Y. Nov. 14, 2019) (emphasis added); *Baychar, Inc.*, 2001 WL 856626, at *8 (refusing preliminary injunction to stop allegedly wrongful continuing behavior because it did not preserve the "status quo").

The proposed injunction would, in fact, undermine the authority of the arbitrator by having the Court address the ultimate question in this case: whether drivers using the Lyft service must be employees. The injunction seeks, after all, the ultimate relief that would be asked of the arbitrator—reclassification of plaintiffs as employees. Absent an urgent need to maintain the status quo—i.e., when an injunction is needed to protect the arbitration process— courts are not authorized to address issues that should be the exclusive domain of the arbitrator. The Supreme Court has explained that the entire purpose of an arbitration clause is to ensure that "an arbitrator, rather than a court, will resolve . . . underlying merits disputes." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 527 (2019); *see also Unite Here Local 217 v. Sage Hosp. Res.*, 642 F.3d 255, 259 (1st Cir. 2011) ("[i]n our review, we focus only on the threshold issue of arbitrability; we do not rule on the merits of the underlying claims"); *Silfee,* 696 F. App'x at 577–78 (reversing district court for ruling on another motion prior to motion to compel because "the role of the court is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defense to the arbitrator"

(internal quotation marks omitted)); *Perfect Fit, LLC v. Aronowitz*, No. 1:19-CV-160-NT, 2019 WL 2144800, at *4 n.3 (D. Me. May 16, 2019) ("I will not grant the requested interim injunction, as doing so would require me to needlessly prejudge issues that are plainly for the arbitrator and as I do not find that the status quo will be upset between now and the start of arbitration.").

As the *Baychar* court explained in denying a request for an injunction not preserving the status quo:

> If the Court were to issue an injunction against [the defendant], the Court would make findings of fact and conclusions of law and enjoin the company from producing or selling some of its products. Thus, the Court would be sending to arbitration a case already decided to a large degree, thereby interfering with the arbiter's attempts to decide the merits of the controversy. The First Circuit has held that district courts should order preliminary injunctions to preserve the status quo for the purpose of facilitating the arbitration of claims. *See* [*Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 151 (1st Cir. 1998)]; *Teradyne,* 797 F.2d at 51. If the Court were to enter a preliminary injunction against Defendant Outlast, the Court would be interfering with the arbitration rather than facilitating it.

*Baychar,* 2001 WL 856626, at *9.

Defendants are aware of no federal court that has issued an injunction that so dramatically alters the status quo and addresses plaintiff's claims on the merits in the face of an arbitration agreement—*let alone* a case where a court has issued such an order on a *class-wide* basis in the face of an enforceable class waiver. Such an order would have no basis in the precedents of this Circuit. Plaintiffs cite the coronavirus public health emergency. Putting aside whether the proposed injunction would actually do anything meaningful to stop the spread of coronavirus, a public health crisis does not supplant basic principles of civil procedure and the Federal Arbitration Act.

Plaintiffs may argue that until and unless arbitration is ordered, the Court is not bound by these limitations on its power to issue injunctions. But that has it exactly backwards. The

5

question of arbitrability has to be decided *first* to ensure that the Court is acting within the bounds of its authority. If either this Court or the First Circuit were to later decide that this case is subject to arbitration, then any prior ruling on Plaintiffs' proposed preliminary injunction would be *ultra vires*. The Fifth Circuit addressed a similar situation in *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 376-78 (5th Cir. 2016). In *Reyna*, the district court decided whether to conditionally certify an FLSA collective action before deciding an arbitration motion. *Id.* at 376. The court of appeals reversed because "[t]o hold otherwise would present a justiciability issue: a court could conditionally certify a collective action solely on the basis of a claim that the plaintiff was bound to arbitrate and was therefore barred from bringing it in court in the first place." *Id.* at 377. Just so here. If the Court proceeds to consider a "classwide" injunction on the basis of claims that are subject to individual arbitration, then the injunction would be based on claims that the Plaintiffs have no right to bring in this Court in the first place.[4]

If Plaintiffs are correct that this Court could order a sweeping classwide injunction before deciding a motion to arbitrate, it would render arbitration agreements, the FAA, and decades of Supreme Court and First Circuit authority on arbitration agreements and class waivers, a dead letter. Plaintiffs no longer wishing to arbitrate, or seeking to evade a class waiver, could simply file preliminary injunctions motions asking for the ultimate class remedy they want, and have courts rather than arbitrators first address the merits of the dispute. The FAA calls for "summary and speedy disposition of motions or petitions to enforce arbitration clauses" to avoid just that result. *Moses H. Cone*, 460 U.S. at 29.

---

[4] And, as Defendants explained in opposing Plaintiffs' first motion for a preliminary injunction, such an order would also fail to meaningfully preserve the arbitration agreements with thousands of other drivers, which also contain class waivers. *See* Defendants' Opposition to Plaintiff's Motion for Injunctive Relief, at 7 (Dkt. No. 38).

Defendants thus request that this Court stay further proceedings—including the briefing of any renewed preliminary injunction motion—until it has resolved Defendants' motion to compel arbitration.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that Rohit K. Singla, counsel for Defendants, conferred with counsel for Plaintiffs on March 24, 2020, in a good-faith attempt to resolve or narrow the issue presented in this motion, and that those efforts were unsuccessful.

Respectfully submitted,

LYFT, INC., LOGAN GREEN,
and JOHN ZIMMER,

By their attorneys,

*/s/ Jeffrey Y. Wu*
Jeffrey Y. Wu (*pro hac vice*)
*jeffrey.wu@mto.com*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100

James D. Smeallie (BBO No. 467380)
*jd.smeallie@hklaw.com*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Michael T. Maroney (BBO No. 653476)
*michael.maroney@hklaw.com*
Andrew E. Silvia (BBO No. 681922)
*andrew.silvia@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

          Rohit K. Singla (*pro hac vice*)
          *rohit.singla@mto.com*
          Justin P. Raphael (*pro hac vice*)
          *justin.raphael@mto.com*
          MUNGER, TOLLES & OLSON LLP
          560 Mission Street, 27th Floor
          San Francisco, CA 94105
          Tel: (415) 512-4000

Dated:  March 24, 2020

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document and any supporting documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the attorney of record for any party indicated as non-registered participants on this 24th day of March 2020.

          /s/ *Jeffrey Y. Wu*
          Jeffrey Y. Wu