UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELODY CUNNINGHAM, FRUNWI MANCHO, MARTIN EL KOUSSA, and VLADIMIR LEONIDAS, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>LYFT, INC., LOGAN GREEN, and JOHN ZIMMER,<br><br>          Defendants. | Case No. 1:19-cv-11974-IT<br><br>Leave to file granted on May 18, 2020 (ECF No. 171) |

**PLAINTIFFS' RESPONSE TO LYFT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this response regarding last week's decision in Capriole v. Uber Technologies, Inc., No. 20-cv-02211-EMC (N.D. Cal. May 14, 2020) (Dkt. 96). As an initial matter, this Court need not address the public injunction question in order to issue a preliminary injunction, as the Court has already denied Lyft's Motion to Compel arbitration. This Court can proceed to decide Plaintiffs' emergency injunction motion under Mass. Gen. L. c. 149 § 150, regardless of whether the Court determines that what Plaintiffs seek is a public injunction, or that a public injunction cannot be thwarted through an arbitration clause under Massachusetts law.

In any event, in rejecting Plaintiffs' argument regarding public injunctive relief, Judge Chen did not address the fact that the Attorney General's Office has now interpreted Massachusetts wage law to provide for public injunctive relief and agreeing with Plaintiffs that Massachusetts would follow the McGill rule. In discussing in *dicta* whether the relief sought is public or private, Judge Chen does not add to the analysis but merely notes that other courts considering the question to date have found that plaintiffs alleging wage violations do not seek public injunctive relief (none of which actually analyzed the question in the context of claims for

sick pay in the midst of a global pandemic).

Ultimately, Judge Chen denies Plaintiffs' motion based upon his divergence from this Court in his granting the motion to compel arbitration. While noting that "[t]he Court understands plaintiffs' argument that the classification error committed by Uber has enormous public consequences, including the potential impact upon public health," Order, at *18, he downplays the urgency of the relief sought by parenthetically referring to the concern raised by Uber that a ruling in Plaintiffs' favor could risk drivers' access to emergency federal relief benefits; in doing so, he does not address Plaintiffs' arguments about why such a concern is unfounded and should not be the basis for denying drivers their clear rights under state law.

Dated: May 18, 2020

Respectfully submitted,

MELODY CUNNINGHAM, FRUNWI MANCHO, MARTIN EL KOUSSA, and VLADIMIR LEONIDAS individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO# 640716
Adelaide H. Pagano, BBO# 690518
Anne Kramer, BBO# 697435
Anastasia Doherty, BBO#705288
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Emails: sliss@llrlaw.com; apagano@llrlaw.com; akramer@llrlaw.com; adoherty@llrlaw.com

3

**CERTIFICATE OF SERVICE**

    I, Shannon Liss-Riordan, hereby certify that a copy of this document was delivered on May 18, 2020, via electronic filing CM/ECF system to counsel for Defendants.

                                      */s/ Shannon Liss-Riordan*
                                      Shannon Liss-Riordan, Esq.