UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELODY CUNNINGHAM, FRUNWI MANCHO, MARTIN EL KOUSSA, and VLADIMIR LEONIDAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC., LOGAN GREEN, and JOHN ZIMMER,<br><br>Defendants. | C.A. No. 1:19-cv-11974 |

**DEFENDANTS' MOTION TO COMPEL ARBITRATION FOLLOWING DECISION OF THE FIRST CIRCUIT**

Defendants Lyft, Inc., Logan Green, and John Zimmer (collectively, "Defendants") move this Court to compel individual arbitration and dismiss this lawsuit. The plaintiffs in this case are drivers who have used the Lyft platform to find passengers. Plaintiffs agreed that any disputes they had with Lyft would be subject to individual arbitration, and the Federal Arbitration Act ("FAA") "requires courts rigorously to enforce arbitration agreements according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (citation omitted). Plaintiffs have argued that the FAA does not apply to the agreements they signed because Plaintiffs fall within an exemption applicable to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Although this Court previously accepted that argument and denied Defendants' motions to compel arbitration, the First Circuit reversed that decision. *See Cunningham v. Lyft, Inc.*, 17 F.4th 244, 255 (1st Cir. 2021). The Court should accordingly compel individual arbitration and

dismiss this lawsuit.

## **BACKGROUND**

Plaintiff Melody Cunningham filed the initial complaint in this action on September 17, 2019, seeking to represent a putative class bringing claims under the Massachusetts Wage Act. Dkt. 1. Subsequently, three additional individual plaintiffs—Frunwi Mancho, Martin El Koussa, and Vladimir Leonidas—joined the suit and Plaintiffs raised an additional claim for paid sick leave under Massachusetts law. Plaintiffs' third amended complaint is the currently operative complaint. *See* Dkt. 146 (granting leave to file); Dkt. 147 (Third Amended Class Action Complaint).

Defendants moved to compel arbitration on the ground that Plaintiffs had agreed to Lyft's Terms of Service, which contain a provision agreeing that any disputes will be subject to individual arbitration. *See* Dkt. 17 (motion to compel arbitration); Dkt. 64 (stipulation that motion to compel arbitration would apply to amended complaint); Dkt. 146 (order deeming motion to compel arbitration to apply to third amended complaint). Plaintiffs opposed, arguing (1) that they have a claim for "public injunctive relief [that] cannot be thwarted through arbitration"; (2) that the FAA does not apply because Plaintiffs fall under the Section 1 exemption and that the arbitration agreement is unenforceable in the absence of the FAA; and (3) that the arbitration agreement does not cover the claims asserted against individual Defendants Green and Zimmer because they had not signed the agreement. Dkt. 37, at 1, 15.

This Court denied the motions to compel arbitration. Dkt. 98; Dkt. 173. It rejected Plaintiffs' argument that their request for "public injunctive relief" prevented the Court from compelling arbitration, as "[e]ven assuming that Massachusetts courts" would treat a request for public injunctive relief as a basis for not enforcing an arbitration agreement, Plaintiffs had not sought public injunctive relief in this suit. Dkt. 88, at 4; Dkt. 98, at 6 n.4. The Court also

2

concluded that "the claims against the individual Defendants should [not] proceed differently than the claims against Lyft," explaining that the "arbitration agreement covers claims arising out of a plaintiff's relationship with Lyft and each of Lyft's respective officers, directors, or agents." Dkt. 98, at 6 n.4 (citation and alterations omitted). The Court agreed, however, with Plaintiffs' contention that they fall within the Section 1 exemption to the FAA, focusing on Plaintiffs' provision of rides to and from airports. *See* Dkt. 98, at 13-15. The Court further concluded that the arbitration agreement is unenforceable under Massachusetts law as it contains a class-action waiver. Dkt. 98, at 15-17; *see also id.* at 16 (acknowledging that rule against class waivers "was abrogated as to arbitration agreements under the FAA by the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

Defendants appealed, Dkt. 102; Dkt. 175; Dkt. 179, and the First Circuit reversed. *Cunningham*, 17 F.4th at 255.[1] The First Circuit explained that neither provision of trips to and from airports nor "occasional[] transport [of] passengers across state lines" bring Plaintiffs within the Section 1 exemption. *Id.* at 250-53. The court of appeals concluded that Lyft drivers are "among a class of workers engaged primarily in local intrastate transportation, some of whom infrequently find themselves crossing state lines," and that they are accordingly "not among a class of transportation workers engaged in interstate commerce within the meaning of section 1 as narrowly construed." *Id.* at 253.[2] The First Circuit also agreed with this Court that Plaintiffs cannot avoid arbitration on a "public injunctive relief" theory as it is "indisputable that

---

[1] Plaintiffs also appealed this Court's denial of their motions for preliminary injunctive relief. Dkt. 119; Dkt. 177. The First Circuit consolidated those appeals with the appeals regarding the motions to compel arbitration, and it affirmed this Court's denials of the motions for preliminary injunctive relief. *Cunningham*, 17 F.4th at 255.
[2] Because the FAA applies to compel arbitration, the First Circuit explained that it "need not examine the role of the Massachusetts Uniform Arbitration Act." *Cunningham*, 17 F.4th at 253 (citing *Smith Barney, Inc. v. Critical Health Sys. of N.C., Inc. of Raleigh, N.C.*, 212 F.3d 858, 860-61 (4th Cir. 2000) ("Once a dispute is covered by the [FAA], federal law applies to all questions of interpretation, construction, validity, revocability, and enforceability." (citation omitted))).

the relief sought here is *primarily* for the proposed class of Lyft rideshare drivers"—*i.e.*, as this Court found, Plaintiffs are not seeking public injunctive relief. *Id.* at 254 n.6.

The First Circuit issued its mandate on November 29, 2021. The time to file a petition for a writ of certiorari expired on February 3, 2022. *See* Supreme Court Rules 13.1.

## ARGUMENT

For the reasons explained in Defendants' previous filings, this suit belongs in individual arbitration pursuant to the arbitration agreements that Plaintiffs signed. All of Plaintiffs' arguments in opposition have been rejected by this Court, by the First Circuit, or both. Most relevant, the First Circuit has held that Plaintiffs do not fall within the Section 1 exemption to the FAA, reversing this Court's decision denying the motions to compel arbitration. *Cunningham*, 17 F.4th at 255. There is accordingly no basis for this suit to remain in court as a putative class action, and the Court should compel individual arbitration.

Plaintiffs have not filed a petition for certiorari or an application for an extension of time to file a petition. There are thus no further proceedings that might warrant delaying a decision compelling arbitration.

In this Circuit, a district court may, "in its discretion, choose to dismiss the law suit, if all claims asserted in the case are found arbitrable." *Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 71 (1st Cir. 2010). The First Circuit has conclusively decided that all of Plaintiffs' claims are arbitrable and Plaintiffs have not pursued further appellate review of that decision. This Court should accordingly dismiss this suit.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Defendants contacted counsel for Plaintiffs on February 25, 2022, in a good-faith attempt to confer and resolve or narrow the issue presented in this motion, and plaintiffs stated that they

4

would arbitrate their claims in light of the First Circuit's decision, but took the position that the case should be stayed during arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court compel individual arbitration and dismiss this lawsuit.

Respectfully submitted,

LYFT, INC., LOGAN GREEN,
and JOHN ZIMMER,

By their attorneys,

*/s/ Rohit K. Singla*
James D. Smeallie (BBO No. 467380)
*jd.smeallie@hklaw.com*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Michael T. Maroney (BBO No. 653476)
*michael.maroney@hklaw.com*
Andrew E. Silvia (BBO No. 681922)
*andrew.silvia@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue, Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Rohit K. Singla (*pro hac vice*)
*rohit.singla@mto.com*
Justin P. Raphael (*pro hac vice*)
*justin.raphael@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

Jeffrey Y. Wu (*pro hac vice*)
*jeffrey.wu@mto.com*
Benjamin G. Barokh (pro hac vice)
*bejamin.barokh@mto.com*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100

Dated: February 25, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent to those indicated as non-registered participants on February 25, 2022.

/s/ *Rohit K. Singla*
Rohit K. Singla